# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL T. CRANE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-0596-CV-W-ODS-P |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Michael T. Crane, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 9, 2011, seeking to challenge his 2005 convictions and 2006 sentences for kidnaping, assault in the third degree, forcible rape, and three counts of forcible sodomy, which were entered in the Circuit Court of Jackson County, Missouri.

Petitioner raises three grounds for relief: (1) that the trial court erred in denying petitioner's motion to suppress evidence that was obtained pursuant to invalid search warrants and admitted under the good faith exception to the Fourth Amendment exclusionary rule; (2) that the trial court erred in denying petitioner's motion to suppress statements he made to a detective because the police officers initially lied to him about the reason for his arrest; and (3) that trial counsel was ineffective as a result of the officers' lying about the reason for petitioner's arrest because counsel was unable to locate petitioner at the police station after his arrest.

**SUMMARY OF THE FACTS**

On direct appeal and on appeal from the denial of petitioner's Mo. Sup. Ct. Rule 29.15 motion for post-conviction relief, the Missouri Court of Appeals summarized the facts as follows:

Early in the morning of March 20, 2003, J.G. was exiting her car in the parking lot of her sister's apartment complex when [petitioner] appeared and pushed her back inside the vehicle. Shoving her across the driver's seat and into the passenger's seat, [petitioner] climbed into the vehicle with her. [Petitioner] then raped and sodomized J.G. for approximately thirty minutes before leaving. After [petitioner] left, J.G. fled to her sister's apartment where her sister called the police. DNA evidence was found on J.G.'s clothing and subsequent testing revealed that it matched [petitioner's] DNA. The DNA "match" came from the Combined DNA Index System ("CODIS"). [Petitioner's] DNA was present in CODIS as a result of [petitioner's] earlier felony convictions. Police arrested [petitioner] on June 18, 2003. The arresting officers initially informed [petitioner] that he was being arrested for passing bad checks. After arrest, but prior to being questioned, [petitioner] used his phone call to contact his brother, Kemp Crane. During that conversation, [petitioner] asked his brother to call Shelley Villegas ("Attorney Villegas"), an attorney who lived near [petitioner's] brother. [Petitioner] requested that his brother contact Attorney Villegas and tell her that he had been arrested for passing bad checks. Attorney Villegas took the call at work and promptly contacted the police station but was unable to speak with or locate [petitioner]. Attorney Villegas did not go to the police station. (Post-Conviction Opinion, Respondent's Ex. O, pp. 2-3).

In police custody, [petitioner] was questioned about family background information, which during questioning he changed his story about whether his parents were alive or deceased and where he lived. After providing this information, [petitioner] was given a *Miranda* waiver form, which [petitioner] said he understood. At this point, Officer [Patrick] Kelly told him that he was being investigated for a rape. (Direct Appeal Opinion, Respondent's Ex. I, p. 2).

[Petitioner] stated that he did not know J.G. and that there was no reason for his DNA to be on her clothing. After samples of [petitioner's] DNA confirmed the results of the earlier test, [petitioner] was arrested and charged with kidnaping, sodomy, rape, and assault. (Post-Conviction Opinion, p. 3).

Officer Patrick Kelly of the Kansas City Missouri Police Department (KCMOPD) completed three unsworn warrant affidavit/applications: one to search the home of [petitioner] for clothes matching the description of the attacker, one to search the truck for evidence, and one to retrieve DNA samples from his body. They were taken to a

-2-

> judge who signed the warrants. Thereafter KCMOPD searched and photographed [petitioner's] entire home, seized several pairs of jeans and dark t-shirts, impounded his white pickup truck, and took DNA samples from him...
>
> At trial, Officer Kelly testified that a match was made between [petitioner's] DNA and DNA collected from [J.G.] on the night of the incident. No more detailed testimony about the match was made until [petitioner's] counsel asked on cross examination whether a "cold hit" from the CODIS database had occurred. (Direct Appeal Opinion, p. 2).
>
> [Petitioner's] trial strategy was to present an alternative explanation for the presence of his DNA on the victim. According to [petitioner's] testimony, he met J.G. that morning...and [they] had consensual sex in his truck. The jury did not believe [petitioner] and found him guilty of three counts of forcible sodomy and one count each of forcible rape, kidnaping, and assault in the third degree. [Petitioner's] direct appeal of that conviction was denied by this court in a *per curiam* order. *State v. Crane*, 207 S.W.3d 132 (Mo. App. W.D. 2006). (Post-Conviction Opinion, p. 3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Case 4:11-cv-00596-ODS   Document 15   Filed 02/03/12   Page 3 of 10

# **GROUND 1 - TRIAL COURT ERROR**

In Ground 1, petitioner contends that the trial court should have granted his motion to suppress evidence that was obtained pursuant to invalid search warrants and that the good faith exception to the Fourth Amendment exclusionary rule should not apply.

As a preliminary matter, petitioner's ground for relief is barred from federal habeas corpus review by the doctrine of Stone v. Powell, 428 U.S. 465 (1976). "[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id., at 482. See also Willett v. Lockhart, 37 F.3d 1265, 1271-73 (8th Cir. 1994) (adopting two-part Second Circuit test for Stone bar). Because the record reflects that the state provided petitioner with an opportunity to fully and fairly litigate his Fourth Amendment claim, the bar of Stone v. Powell applies here, and Ground 1 will be denied.

However, even if Stone v. Powell did not apply to this case, Ground 1 would still be denied. On direct appeal, the Missouri Court of Appeals disposed of the claim as follows:

> [Petitioner] moved to suppress the evidence gained from the search warrants... Search warrants issued without a verified written application are invalid. § 542.276.10(2). The applicant must verify the application by oath or affirmation. § 542.276.2(6). If the applicant intends to be under oath, then he is under oath. *United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002); *See State v. Gannaway*, 786 S.W.2d 617, 618-19 (Mo. App. S.D. 1990).
>
> The only indications of Officer Kelly's knowledge and intent to be under oath are the formal assertions used in the application. Otherwise his actions and beliefs, and those of the officers sent to the judge to get the search warrant, do not manifest such intent. He did not sign the application or affidavit before someone authorized to administer oaths, and he did not think or believe that he had to be

under oath. To ignore the testimony of the officers involved that they did not believe they had to be under oath, will allow merely parroting the oath language in warrant applications to create a valid warrant, without the requisite impression of "the moral, religious or legal significance of formally undertaking to tell the truth." *Brooks*, 285 F.3d at 1105-06. Therefore, the search warrant is invalid.

Although the warrant is invalid, if it was executed with the good faith belief that it was valid, the evidence collected will not be excluded. *See State v. Brown*, 708 S.W.2d 140, 145-46 (Mo. banc 1986) (stating that *State v. Sweeney*, 701 S.W.2d 420, 426 (Mo. banc 1985) implicitly adopted the good faith exception in *United States v. Leon*, 468 U.S. 897 (1984)). In Missouri, this exception applies to warrants issued without a verified application in proper form. *Brown*, 780 S.W.2d at 145-46 (Mo. banc 1986). The good-faith exception also applies to warrants that violate section 542.276. *Gannaway*, 786 S.W.2d at 20. In the Eighth Circuit an unsworn application or affidavit is subject to the good faith exception. *United States v. Hessman*, 369 F.3d 1016, 1022-23 (8th Cir. 2004). Because the magistrate is responsible for swearing the declarant, once the magistrate has issued the warrant there is nothing more the declarant can be expected to do. *Id.* at 1022-23; *See Leon*, 468 U.S. at 921. The good faith rule is not applied if any one of four exceptions is found. *Hessman*, 369 F.3d at 1023. The four exceptions are: where the magistrate was misled, where the magistrate was not neutral and detached, where the warrant does not contain sufficient indicia of probable cause, and where the warrant fails to particularize the place to be searched or things to be seized. *Id.*

In this case no evidence of lies or that the warrant was not particularized enough for an officer to rely upon was presented. *Id.* Likewise, the warrant application had sufficient indicia of probable cause. *Id.* [Petitioner's] claim that the judge's action signing the warrant without an oath proves that the judge was not neutral and detached is without basis. Simple failure to swear the declarant should not indicate that the judge was not neutral and detached or a rubber stamp without additional facts indicating the judge's failure to consider the merits of the application. The failure to swear the declarant is not enough to declare that the judge was not neutral and detached.

[Petitioner] did not develop either the argument that the search warrants issued were general or the argument concerning the misstatements to [petitioner] during the arrest explaining why they

-5-

> were arresting him, so those arguments are waived. See State v.
> Kenney, 973 S.W.2d 536, 548 (Mo. App. W.D. 1998) (overturned on
> other grounds). This point is denied.

(Respondent's Exhibit I, pp. 10-12).

The resolution of Ground 1 by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412-13 (2000).[2]

For the above reasons, Ground 1 is denied.

## GROUND 2 - TRIAL COURT ERROR

In Ground 2, petitioner contends that the that the trial court erred in denying his motion to suppress statements which he made to detectives during an interrogation, following a *Miranda* waiver, because the arresting police officers initially lied to him about the reason for his arrest.

"In order to present a habeas claim to the state court, a prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim....Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999) (citing Abdullah v. Groose,

---

[2]According to the opinion of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.

Case 4:11-cv-00596-ODS   Document 15   Filed 02/03/12   Page 6 of 10

75 F.3d 408, 411 (8th Cir.) (en banc), cert. denied, 517 U.S. 1215 (1996)); cert. denied, 528 U.S. 846 (1999). In his direct appeal, petitioner raised the issue of the conditions of his arrest in the same point as the issue of invalid search warrants (addressed here above in Ground 1). In the analysis, however, petitioner developed legal argument addressing the search warrants only, and abandoned the invalid arrest argument at the outset.

In its opinion, the Missouri Court of Appeals held that the claim concerning petitioner's arrest is no longer available:

> [Petitioner] did not develop either the argument that the search warrants issued were general or the argument concerning the misstatements to [petitioner] during the arrest explaining why they were arresting him so those arguments are waived. *See State v. Kenney*, 973 S.W.2d 536, 548 (Mo. App. W.D. 1998) (overturned on other grounds).

(Respondent's Exhibit I, p. 12).

Therefore, petitioner procedurally defaulted Ground 2. A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). If petitioner contends that ineffective assistance of Rule 29.15 motion and/or appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Ground 2 is denied.

## GROUND 3 - INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground 3, petitioner contends that counsel was rendered ineffective because Attorney Villegas was unable to locate petitioner at the police station due to false information given to petitioner by the police. Petitioner claims that had counsel been able to reach him, she would have advised him not to answer any questions.

On appeal from the denial of petitioner's Rule 29.15 motion for post-conviction relief, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> [Petitioner] argues that the motion court clearly erred in finding that Attorney Villegas was not ineffective when she was prevented from speaking with him on the day of his arrest and question. The fatal deficiency to [petitioner's] first point is that it is *not* a claim of ineffective assistance of *counsel*. [Petitioner] asserts that Attorney Villegas "was *forced to provide* ineffective assistance of counsel when she was prevented from seeing [petitioner] shortly after his arrest, due to false information provided to [petitioner] by the Kansas City Police Department." [Petitioner's] claim relies upon the contention that his counsel was ineffective for not advising him to assert his *Miranda* rights. However, as [petitioner's] point on appeal and argument make clear, he is not contending that *Attorney Villegas* was at fault but, instead is arguing that the police were at fault for preventing Attorney Villegas from being present to recommend that [petitioner] invoke his *Miranda* rights. In other words, [petitioner's] ineffective assistance of counsel claim is actually a Fifth Amendment *Miranda* violation claim.
>
> [Petitioner's] present argument is nothing more than an attempt to repackage his direct appeal argument that the trial court erred in denying his motion to suppress the statements he made to police. Having already rejected [petitioner's] Fifth Amendment claimed *Miranda* violation in his direct appeal, it is well settled under law that we will not permit [petitioner] to re-argue his claimed Fifth Amendment violation from his direct appeal under the guise of a Rule 29.15 post-conviction relief claim.

(Respondent's Exhibit O, pp. 4-5; emphasis in original).

On direct appeal and reviewing for plain error, the Missouri Court of Appeals held that the statements made to detectives contained only pedigree information that the detective had no reason

-8-

to suspect would result in incriminating evidence:

> Asking [petitioner] for information about his parents qualifies as pedigree information. The officer had no reason to believe that incriminating evidence would come from such questions. Based on the crime being investigated, asking about his parents was not calculated to lead to an incriminating answer. The incriminating nature of his answer was only in that he had lied and changed his answer several times. The questions were not asked for this purpose, and had [petitioner] told the truth, would not have been incriminating. Hence, there was no plain error on its face.

(Respondent's Exhibit I, p. 13).

The resolution of Ground 3 by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). For these reasons, the Court does not find counsel was ineffective.

Ground 3 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

-9-

(1) the above-captioned petition for a writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.


                                                    /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH
                                                    UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 3, 2012.